**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michelle Ham,<br><br>   Plaintiff,<br><br>v.<br><br>Navy Federal Credit Union, et al.,<br><br>   Defendants. | No. CV-25-02107-PHX-SHD<br><br>**ORDER** |

  Plaintiff Michelle Ham brought this action against Defendant Navy Federal Credit Union ("Navy Federal") alleging violations of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.*, and state-law claims for breach of contract, unjust enrichment, conversion, and negligence. (Doc. 1-4.)[1] Before the Court is Navy Federal's Motion to Dismiss, (Doc. 8), to which Ham did not respond. The Court will grant Navy Federal's Motion to Dismiss and terminate this action.

**I. BACKGROUND**

  Ham's claims stem from an erroneous transfer of funds from her account at Navy Federal to the account of her ex-husband on or about March 9, 2023. (Doc. 1-4 at 3.) Ham alleges she notified Navy Federal of the error and requested that the funds be returned. (*Id.*) Ham asserts that Navy Federal's failure to reverse the erroneous transfer is, among other things, a breach of contract and a violation of the EFTA and relevant regulations. (*See id.* at 4.)

---

[1]  Ham filed this action in Yuma County Superior Court, and Navy Federal removed the action to federal court on June 13, 2025. (Doc. 1.)

On June 20, 2025, Navy Federal moved to dismiss Ham's Complaint for failure to state a claim under Rule 12(b)(6). (Doc. 8.) Specifically, Navy Federal argues (1) Ham's claims for negligence, conversion, and EFTA violations are barred by the applicable statute of limitations, (2) the unjust enrichment claim is prohibited in light of Ham's contractual claim, and (3) the breach of contract claim fails because the alleged breach is not a contractual duty that Navy Federal owes to Ham. (*Id.* at 6.) Ham did not respond to Navy Federal's Motion or request an extension of time, and the time for her to respond has now expired. *See* LRCiv 7.2(c).

## II. DISCUSSION

Under Local Rule of Civil Procedure 7.2(i), a party's failure to file a response to a motion may be deemed consent to the granting of the motion and the Court may dispose of the motion summarily. *See Wystrach v. Ciachurski*, 267 F. App'x 606, 607 (9th Cir. 2008) (holding the court did "not abuse its discretion in applying its local rule summarily to grant defendants' motion to dismiss because plaintiffs failed timely to respond"); *Doe v. Dickenson*, 2008 WL 4933964, at *5 (D. Ariz. 2008) (holding the court was "entitled to treat Plaintiffs' failure to respond as waiver of the issue and consent to Defendants' argument"); *Currie v. Maricopa Cnty. Cmty. Coll. Dist.*, 2008 WL 2512841, at *2 n.1 (D. Ariz. 2008) ("Plaintiff does not respond to this argument, and her failure to do so serves as an independent basis upon which to grant [the] motion.").

Before dismissing an action pursuant to a local rule like LRCiv 7.2(i), the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *see also Wystrach*, 267 F. App'x at 607–08 (requiring district courts to weigh the *Ghazali* factors before dismissing for failing to follow local rules).

Applying the *Ghazali* factors, the circumstances here weigh in favor of dismissal, particularly the "public's interest in expeditious resolution of litigation" and the Court's

need to manage its docket, given Ham's failure to respond to the Motion or move for more time, despite being represented by counsel. *See Viveros v. Suzuki Motor of Am. Inc.*, 2019 WL 4673340, at *1–2 (D. Ariz. 2019) (summarily granting motion to dismiss based on plaintiff's failure to respond because (1) the "plaintiff [was] represented by counsel," was "given ample time to respond to the Motion to Dismiss," and "did not respond or provide any reasons for his failure to do so"; (2) the plaintiff's unreasonable delay created a "presumption of prejudice"; and (3) the plaintiff was "aware of the response deadline and had ample time to contact the court").

Accordingly, the Court will construe Ham's failure to respond as her consent to the granting of the Motion. The Motion to Dismiss will be granted, and the action will be terminated.

Accordingly,

**IT IS ORDERED granting** Navy Federal's Motion to Dismiss, (Doc. 8), and dismissing this matter with prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment and terminate this action.

Dated this 29th day of July, 2025.

_____
Honorable Sharad H. Desai
United States District Judge